NO. 07-11-0280-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 11, 2012

_____

MARTHA LETICIA FLORES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B 15518-0405; HONORABLE ED SELF, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

On October 1, 2004, Appellant, Martha Leticia Flores, was granted deferred adjudication for tampering with governmental record, a state jail felony.[1] She was placed on community supervision for five years and assessed a fine of $500. Pursuant to an agreed order entered on September 30, 2009, Appellant's community supervision was extended two additional years. On April 11, 2011, based on numerous violations of

---

[1]Tex. Penal Code Ann. § 37.10(a)(1) (West 2011).

the conditions of community supervision, the State filed a *Motion to Proceed With an Adjudication of Guilt.* Following a hearing, the trial court found that Appellant had violated the conditions of community supervision and entered a finding of guilt on the original charge. Punishment was assessed at two years confinement in a state jail facility and a fine of $5,000. In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008). Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous. *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying her of the right to file a pro se response if she desired to do so, and (3) informing her of the right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[3] By letter, this Court granted Appellant an opportunity to exercise her right to file a response to counsel's brief, should she be so inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a brief.

---

[2]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[3]Notwithstanding that Appellant was informed of her right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of her right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & at 411 n.35.

## Factual Background

Appellant was charged with making a false entry on a government form used to determine eligibility for government assistance with intent to defraud or harm the Texas Department of Human Services. At the hearing on the State's motion to proceed, Appellant's community supervision officer testified that although Appellant had done "fairly well," she struggled to report, find and maintain suitable employment and was unable to pay her fees. Notwithstanding the community supervision officer's recommendation that Appellant be continued on community supervision, based on the evidence presented and Appellant's plea of true, the trial court found that she had violated the terms and conditions of her community supervision, adjudicated her guilty of tampering with governmental record, and assessed sentence.

## Decision to Adjudicate--Standard of Review

An appeal from a trial court's order adjudicating guilt is reviewed in the same manner as a revocation hearing. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2011). When reviewing an order revoking community supervision imposed under an order of deferred adjudication, the sole question before this Court is whether the trial court abused its discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex.Crim.App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision.

3

*Cardona*, 665 S.W.2d at 494. A plea of true standing alone is sufficient to support a trial court's revocation order. *Moses v. State*, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979).

## Discussion

By the *Anders* brief, counsel candidly avers that he has reviewed all phases of Appellant's case and concludes that no reversible error is presented. Additionally, based on Appellant's plea of true to the State's allegations, the trial court did not abuse its discretion in revoking her community supervision and adjudicating her guilty.

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal. *See Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

## Conclusion

Accordingly, counsel's motion to withdraw is granted and the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

4